■  PATRICIA C. SCHINE, Respondent-Appellant, v. C. RICHARD SCHINE, Appellant-Respondent.— Order entered August 5, 1969, confirming the report of a Special Referee, fixing the value of the services of outgoing counsel and affirming a lien therefor, modified, on the law, by striking therefrom each of the decretal paragraphs thereof except that imposing a lien to secure outgoing counsel's compensation, and by directing payment out of the bond substituted for that lien of such sum for counsel fee in the matrimonial action as may be determined, and by remanding the matter to Justice MYLES J. LANE, the Trial Justice, to fix and determine all counsel fees and disbursements incurred in behalf of plaintiff in this matrimonial action, and otherwise affirmed, without costs and without disbursements. On May 9, 1967, an order — not that on appeal — was entered in this action on a motion for temporary alimony and

counsel fee, which provided, among other things, " that leave is granted to plaintiff to apply to the Trial Court for an allowance of counsel fees and disbursements ". This means in simple English that all applications thereafter for allowance of counsel fee pursuant to section 237 of the Domestic Relations Law were to be referred to and determined by the Trial Justice. That provision was affirmed here on October 5, 1967 (28 A D 2d 976), and, when the order on appeal was made, it was the law of this case and it still is. To date, plaintiff has had six sets of lawyers. We are informed that one lawyer has submitted a bill to defendant, not paid; one has been paid; one is a party to this appeal; one, who tried the case, has applied to the Trial Justice; and of the financial status of the other two we wot not. Counsel involved here was third on the roster and this proceeding came on later in 1967 when one of his successors moved to have plaintiff's papers turned over and the outgoing attorney's services evaluated; by cross motion, that attorney requested fixation of his fee. Special Term referred the matter to be heard by a Special Referee, and it is the order confirming his report which is here reviewed. The order should not have been made, and there should have been no referral other than to the Trial Justice as provided by the first order. All that was called for in addition was affirmation of the lien for there was no apparent dispute that counsel had rendered services cognizable under section 237. Instead, there has been this lengthy unnecessary proceeding, one of the results of which is a direction, unenforceable under section 237, that a certain sum be paid for services to plaintiff, outside the matrimonial action, and properly recoverable in an action for necessaries. The problem of ascertainment of the worth of the services of plaintiff's corps of matrimonial lawyers should be resolved by simply following the dictates of the first order and remanding to the Trial Justice so that the court may fix and determine counsel fees for all the lawyers not yet paid who have rendered services in the action to plaintiff. For this purpose, counsel for defendant-appellant-respondent husband, being the sole attorney in this action in a relatively stable position, shall bring the matter on before the Trial Justice, giving appropriate notice to all of his past and present adversaries. Concur — Stevens, P. J., Markewich, Nunez and Steuer, JJ.